Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| **United States District Court** | District |
|---|---|

| Name (under which you were convicted):<br>Fabian D. Smart | Docket or Case No.: /0-/447 |
|---|---|

| Place of Confinement:<br>SCI Greene, Waynesburg, Pennsylvania | Prisoner No.:<br>GC2983 |
|---|---|

| Petitioner (include the name under which you were convicted)<br>FABIAN D. SMART | Respondent (authorized person having custody of petitioner)<br>LOUIS S. FOLINO |
|---|---|

v.

| The Attorney General of the State of   Pennsylvania |
|---|

### PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging: Court of Common Pleas of Clinton County, Pennsylvania

    (b) Criminal docket or case number (if you know): CP-18-CR-0000175-2002
2.  (a) Date of the judgment of conviction (if you know): October 21, 1004
    (b) Date of sentencing: October 21, 2004
3.  Length of sentence: Life
4.  In this case, were you convicted on more than one count or of more than one crime?      Yes ☒      No ☐
5.  Identify all crimes of which you were convicted and sentenced in this case: Murder in the First Degree, Criminal Conspricay to commit Murder, Kidnapping and Criminal Conspiracy to commit Kidnapping.

6.  (a) What was your plea? (Check one)

    (1)  Not guilty ☒        (3)  Nolo contendere (no contest) ☐
    (2)  Guilty ☐           (4)  Insanity plea ☐

**FILED**
**SCRANTON**

JUL 13 2010

PER _____
DEPUTY CLERK

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? __N/A__

_____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

Jury ☒          Judge only ❑

7.  Did you testify at a pretrial hearing, trial, or a post-trial hearing?

Yes ❑ No ☒

8.  Did you appeal from the judgment of conviction?

Yes ☒ No ❑

9.  If you did appeal, answer the following:

(a) Name of court: Superior Court of Pennsylvania, Middle District

(b) Docket or case number (if you know): 588 MDA 2005

(c) Result: Affirmed judgment of conviction & sentence

(d) Date of result (if you know): October 19, 2006

(e) Citation to the case (if you know): 913 A.2d 947

(f) Grounds raised: I. Did the instances of prosecution misconduct when taken together so taint the fairness of the trial that appellant should be granted a new trial in the interest of justice? II. Did the trial court err in denying appellant's Motion To Declare Clinton County's jury pool in violation of 42 Pa.C.S.A. Sections 4521(a), 4521(d) **(Continued on page 3a)**

(g) Did you seek further review by a higher state court?    Yes ☒ No ❑

If yes, answer the following:

(1) Name of court: Supreme Court of Pennsylvania, MIddle District

(2) Docket or case number (if you know): 973 MAL 2006

(3) Result: Petition denied

_____

(4) Date of result (if you know): May 1, 2007

(5) Citation to the case (if you know): 923 A.2d 410

(6) Grounds raised: I. Did the instances of prosecution misconduct when taken together so taint the fairness of the trial that appeallnt should be granted a new trial in the interest of justice?     **(Continued on page 3a)**

9.(f) Grounds raised (Cont.):

4524 and the Sixth Amendment to the U.S. Constitution?

    III. Did the trial court err in denying the appellant's Motion for change of venue or venire?

    IV. Was the verdict against the weight of the evidence?

    V. Did trying the appellant before a death qualified jury during the merits phase of the trial deprive the appellant of a trial before a cross-section of the community?

9.(g)(6) Grounds raised (Cont.):

    II. Did the trial court err in denying appellant's Motion To declare Clinton County's jury pool in violation of 42 Pa.C.S.A. §4521(a), 4521(d), 4524 and the Sixth Amendment to the U.S. Constitution?

    III. Did the trial court err in denying the appellant's Motion For Change of Venue or Venire?

    IV. Was the verdict against the weight of the evidence?

    V. Did trying the appellant before a death qualified jury during the merits phase of the trial deprive the appellant of a trial before a cross-section of the community?

11.(a)(5) Grounds raised (Cont.):

    II. Trial and appellate counsel were ineffective for failing to compel forensic testing of evidence in the possession of the Commonwealth, when such testing could have substantially corroborated the defense theory of the case, and the decision not to pursue such testing was never discussed by trial counsel with defendant.

    III. Trial and appellate counsel were ineffective for failing to pursue defendant's claim of racial bias based upon information provided by a juror, post-trial, showing other jury members to have falsely answered questions pertaining to racial animus during voir dire.

    **These issues were raised on appeal of the PCRA denial. However, the following issues were raised in the PCRA Court.

    a. Trial counsel was ineffective for failing to file Motion To Compel Discovery of specific items of physical evidence for purposes of forensic testing and/or to have such evidence tested by an expert.

b. Trial and appellate counsel were ineffective for failing to interview juror who made statements to petitioner that jury members falsely answered questions during voir dire relating to racial bias.

c. Trial counsel was ineffective for failing to move for a mistrial, post-verdict, based on statements made by a juror that a members of the jury had falsely answered questions during voir dire relating to racial bias.

d. Petitioner's fundamental right to a trial by an impartial jury was violated by jurors falsely responding to questions during voir dire relating to racial bias.

e. The cumulative ineffectiveness of trial counsel was so significant in its entirety that in the interest of justice petitioner must receive a new trial.

f. All prior counsel were ineffective for failing to raise the issues presented in petitioner's Amended Petition For Post-Conviction relief at all prior stages of this case.

(h) Did you file a petition for certiorari in the United States Supreme Court?     Yes ☐ No ☒

If yes, answer the following:

N/A

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____ N/A _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

Yes ☒ No ☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Court of Common Pleas of Clinton County, Pennsylvania

(2) Docket or case number (if you know): CP-18-CR-0000175-2002

(3) Date of filing (if you know): October 1, 2007

(4) Nature of the proceeding: Post-Conviction Collateral Relief Petition

(5) Grounds raised: I. Whether the trial court erred in concluding that, pursuant to Pa.R.E. 606, a juror's testimony was inadmissible to the extent it referenced racially biased statements made by jury members during the course of deliberations, when said testimony was offered to show defendant had been deprived of his rights as guaranteed by the Sixth Amendment and, alternatively, to show that jurors had been untruthful during voir dire relating to racial bias.  **(Continued on Page 3a).**

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ☒ No ☐

(7) Result: PCRA petition dismissed.

(8) Date of result (if you know): March 18, 2008

(b) If you filed any second petition, application, or motion, give the same information: N/A

(1) Name of court: _____ N/A _____

(2) Docket or case number (if you know): _____ / _____

(3) Date of filing (if you know): _____ / _____

(4) Nature of the proceeding: _____ / _____

(5) Grounds raised: _____ / _____

_____ // _____

_____ / _____

_____ N/A _____

N/A
_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

     Yes ❏ No ❏

(7) Result: _____ N/A _____

(8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____ N/A _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____
_____
_____
_____
_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

     Yes ❏ No ❏     N/A

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:     Yes ☒ No ❏

(2) Second petition:    Yes ❏ No ❏

(3) Third petition:     Yes ❏ No ❏

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: _____

_____
_____
_____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**\*Note: All grounds and supporting facts were continued on pages 6a & 6b.**

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** The state courts erred in determining that trial and appellate counsels were not ineffective for failing to file

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Trial counsel failed to request and pursue DNA testing on physical evidence secured from the victim's body which would have significantly bolstered the petitioner's defense. Counsel acknowledged that they were aware of the presence of DNA material from the victim's autopsy report, but they never pursued testing, which could have provided material exculpatory evidence. The decision not to pursue this evidence cannot be viewed as any reasonable defense strategy.

(b) If you did not exhaust your state remedies on Ground One, explain why: Appellate counsel felt that this issue were minor and would not pursue it.

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Appellate counsel refused to raise this issue.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☒ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: PCRA petition

Name and location of the court where the motion or petition was filed: Court of Common Pleas of Clinton County, Pennsylvania

Docket or case number (if you know): CP-18-CR-0000175-2002

Date of the court's decision: March 18, 2008

**\*Note:** All grounds and supporting facts were continued on pages 6a and 6b when necessary.

12. GROUND ONE: (Cont.)


   a Motion To Compel discovery of specific items of physical
evidence for purposes of forensic testing and/or to have such
evidence tested by an expert.


   GROUND TWO: (Cont.)

  petitioner's claim of racial bias based upon information pro-
vided by a juror post-trial, showing that jurors falsely answered
questions during voir dire.

(a) Supporting facts (Cont.):

  testified that upon speaking with Ms. Adams, it was discovered
that other members of the jury exhibited racial bias toward the
petitioner through the use of racial slurs. Although trial counsel
claimed that possible racial animus was a primary concern of
counsel since the inception of petitioner's case, petitioner's
trial counsel took no action when provided the information from
Ms. Adams.


   GROUND THREE: (Cont.)

   verdict, based on statement made by a juror relating to racial
bias during voir dire.

(a) Supporting facts (Cont.):

of the statement made, or that they answered voir dire questions
falsely within a reasonable time following the return of the
verdict in this matter, trial counsel was ineffective for failing
to move for a mistrial at that time, and for failing to preserve
the issue on appeal.

   GROUND FOUR: (Cont.)

  of the trial, deprived the petitioner of a trial before a cross-
section of the community.

(a) Supporting facts (Cont.):
death penalty attitudes, served to deprive the petitioner of
his state and federal constitutional right to be tried by jurors
drawn from a fair cross-section of the Clinton County community.
The court effectively eliminated  Clinton County citizens whose
death penalty views would disqualify them from participating
in the penalty phase of a capital trial. As was the case with
virtually all of the pre-trial motions which were filed, the court
summarily denied the motion without an evidentiary hearing, and
thus prevented the defense from creating a record concerning

GROUND FOUR:

(A) Supporting facts (Cont,):

the fact that death qualified jurors are bias in favor of con-
viction.

GROUND FIVE:

The state courts erred in not finding that the instances
of prosecutorial misconduct when taken together, so tainted the
fairness of the trial, that the petitioner should be granted
a new trial in the interest of justice.

(a) Supporting facts:

Witness after witness, the Commonwealth engaged in improper
questioning of witnesses suggesting the existence of certain
"facts," when there was no record to support the unwarranted
assertions. When challenged by defense objection, the Commonwealth
did not attempt to offer a legitimate legal basis which would
permit the question to be asked, and did not offer a "good faith
basis" for asking the objected to questions. The continual
practice of the Commonwealth was to announce the question was
being "withdrawn" as the objection was being sustained. This
pervasive practice of making unprovable factual assertions in
front of the jury would leave behind the misleading, unprovable
and willfully false innuendo for the jury to grasp. It is only
when one reviews the trial transcripts and observes the continued
conduct of the Commonwealth, that one is able to grasp the
significant, egregious misconduct on the part of the Commonwealth.

(b) This issue was exhausted through state remedies.

(c) Direct Appeal of Ground Five:

(1) This issue was appealed from the judgment of conviction,
and (2) is N/A.
(d) Post-Conviction Proceedings:

(1) This issue was not raised through the PCRA petition.

(e) Other Remedies:
This issue was not raised through other remedies.

Result (attach a copy of the court's opinion or order, if available): __See attached.__

_____

_____

(3) Did you receive a hearing on your motion or petition?

    Yes ☒  No ☐

(4) Did you appeal from the denial of your motion or petition?

    Yes ☒  No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☒  No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: __Superior Court of Pennsylvania__

_____

Docket or case number (if you know): __696 MDA 2009__

Date of the court's decision: __July 10, 2009__

Result (attach a copy of the court's opinion or order, if available): __(See attached) Lower court's decision affirmed.__

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: __N/A__

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: __N/A__

_____

_____

**GROUND TWO:** __The state courts erred in determining that trial and appellate counsels were not ineffective for failing to pursue__

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): __It is well established that racial bias is not to be tolerated by the courts, and that even a single racist juror is sufficient to grant a defendant a new trial. Trial counsel acknowledged by a signed certification to the PCRA Court that a member of the jury contacted trial counsel following petitioner's trial requesting contact information so that she could correspond with the petitioner while he was incarcerated. One of petitioner's trial counsel__

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

_____

_____

(c) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑   No ❑

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: Appellate counsel would or could not raise this issue, because it became known only after the appeal phase has past.

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        Yes ☒   No ❑

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: PCRA petition

    Name and location of the court where the motion or petition was filed: Court of Common Pleas of Clinton County, Pennsylvania.

    Docket or case number (if you know): CP-18-CR-0000175-2002

    Date of the court's decision: March 18, 2008

    Result (attach a copy of the court's opinion or order, if available): See attached

_____

_____

    (3) Did you receive a hearing on your motion or petition?

        Yes ☒   No ❑

    (4) Did you appeal from the denial of your motion or petition?

        Yes ☒   No ❑

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☒   No ❑

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: Superior Court of Pennsylvania

    Docket or case number (if you know): 696 MDA 2009

    Date of the court's decision: July 10, 2009

    Result (attach a copy of the court's opinion or order, if available): See attached

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A
_____
_____
_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: N/A
_____
_____
_____

**GROUND THREE:** The state courts erred in finding that trial counsel was not ineffective for failing to move for a mistrial post-

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The petitioner incorporates by reference herein, the supporting facts set forth in ground two. Additionally, during jury selection, the court and trial counsel posed questions to each prospective juror as to whether he or she held any racial bias and/or prejudice toward African Americans. Each juror empaneled answered those questions in the negative. If trial counsel did have knowledge of the content

(b) If you did not exhaust your state remedies on Ground Three, explain why: was not known until after the appeal phase had past.
_____
_____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Was not known until after trial and the appeal phase had past.
_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☒   No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: PCRA Petition

Name and location of the court where the motion or petition was filed: Court of Common Pleas of Clinton County, Pennsylvania.

Docket or case number (if you know): __CP-18-CR-0000175-2002__

Date of the court's decision: __March 18, 2008__

Result (attach a copy of the court's opinion or order, if available): __See attached__

_____

_____

(3) Did you receive a hearing on your motion or petition?

    Yes ☒  No ☐

(4) Did you appeal from the denial of your motion or petition?

    Yes ☒  No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☒  No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: __Superior Court of Pennsylvania__

_____

Docket or case number (if you know): __696 MDA 2009__

Date of the court's decision: __July 10, 2009__

Result (attach a copy of the court's opinion or order, if available): __Affirmed lower court's dismissal of the PCRA petition.__

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
__N/A__

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: __N/A__

_____

_____

**GROUND FOUR:** __The state courts erred in not finding that trying the petitioner before a death qualified jury during the merits phase__

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): __Petitioner requested that the court empanel a jury, which was neither life nor death qualified, to hear and decide the first phase of the trial. This request was denied. Various studies have established that death qualified jurors are bias in favor of conviction. As a result, the exclusion of potential jurors, based on their__

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: ___Was not known to___
the petitioner until after the appeal phase had past. However,
it was raised on direct appeal.

_____

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☒ No ☐

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: ___Was not known until___
after trial and the appeal phase had past, by the petitioner.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☐ No ☒

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion or petition?

Yes ☐ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
Was raised on direct appeal.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: N/A

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?     Yes ☒  No ☐

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: No.

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?     Yes ☐  No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. N/A

15. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    Yes ❑   No ☒

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

    _____

    _____

    _____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing: ___Ronald Pressley, Esq., Stephen Girald Bldg., Ste. 1100, 21 South 12th Street, Philadelphia, PA 19107___

    (b) At arraignment and plea: ___Eric R. Lindhart, Esq., & Ronald C. Travis, Esq., 25 West Third Street, Ste. 803, Williamsport, PA 17701___

    (c) At trial: __Same as 16(b)_____

    _____

    (d) At sentencing: __Same as 16(b)_____

    _____

    (e) On appeal: _____Same as 16(b)_____

    _____

    (f) In any post-conviction proceeding: __David A. Strouse, Esq., 221 East Main Street, P.O. Box 495, Lock Haven, PA 17745___

    (g) On appeal from any ruling against you in a post-conviction proceeding: _Same as 16(f)_____

    _____

    _____

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?          Yes ❑ No ☒

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

    _____

    (b) Give the date the other sentence was imposed: _____

    (c) Give the length of the other sentence: _____

    (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    Yes ❑ No ❑

18.  TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Page 15
Remand for a new trial

Therefore, petitioner asks that the Court grant the following relief: _____

and/or at minimum, schedule an evidentiary hearing on the

issues raised.

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this

Petition for Writ of Habeas Corpus was placed in the prison mailing system on *THURSDAY*

*7/8, 2010* _____ (month, date, year).

Executed (signed) on *7/7/2010* _____ (date).

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing

this petition. _____

_____

_____

* * * * *