FILED CLINTON COUNTY, PA
2012 MAY 21 AM 8:24
MARIE J. VITIELLO
PROTHONOTARY & CLERK

## IN THE COURT OF COMMON PLEAS OF CLINTON COUNTY, PENNSYLVANIA
### Criminal Division

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA : | CP-18-CR-175-2002 |
| : | |
| VS. : | |
| : | |
| FABIAN SMART : | |

### COMMONWEALTH'S ANSWER IN OPPOSITION TO DEFENDANT'S PETITION FOR POST-CONVICTION DNA TESTING PURSUANT TO 42 PA.C.S.A. §9543.1

1. Pursuant to section 9543.1 (a) (2), an individual will not qualify for post-conviction DNA testing under this act, if the evidence was discovered prior to the applicant's conviction and the following conditions are not met:1) the evidence was not tested because DNA testing was not available and the verdict occurred prior to January 1, 1995; or 2) the applicant's counsel did not seek testing of the evidence in a case where the verdict occurred prior to January 1, 1995; or 3) the verdict occurred after January 1, 1995 and no DNA testing was conducted where counsel had requested funds to pay for DNA testing and that request was denied by the court despite the applicant's indigency.

2. The Superior Court has previously held that a petitioner is not entitled to post-conviction DNA testing where he was not convicted of a crime prior to the existence of, or general availability of, DNA testing. *Commonwealth v Williams*, 35A.3d 44 (Pa. Super. 2011).

3. In the *Williams* case the court denied post-conviction DNA testing where the hair samples at issue were discovered before the applicant's trial, DNA testing was available at the time of the applicant's trial, the verdict was rendered after January 1, 1995, and the court did not refuse funds for the testing. ***Commonwealth v. Williams*, supra.**

4. Petitioner's motion does not allege that he qualifies for post-conviction DNA testing under any of the three initial qualifiers under subsection (a)(2).

5. Petitioner's verdict occurred after January 1, 1995. Petitioner was sentenced on October 21, 2004. The only way in which he would now qualify for post-conviction DNA testing would be if his counsel had requested funds for such testing and that request was denied by the court. The record does not indicate that any such request was made. Nor does petitioner alleged that such a request was made and denied by the court.

6. Even assuming that petitioner could overcome this initial failure to qualify under the act, petitioners' motion still fails.

7. Petitioner's motion fails to establish a prima facie case of the following circumstances as required by section (c) (3) of the act:

   (i) identity of or the participation in the crime by the perpetrator was at issue in the proceedings that resulted in the applicant's conviction and sentencing; and

   (ii) DNA testing of the specific evidence, assuming exculpatory results, would establish: a) applicant's actual innocence of the offense for which the applicant was convicted.

8. The court has held that the prima facie requirement to obtain DNA testing of specific evidence relating to the investigation or prosecution that resulted in judgment of conviction requires that defendant demonstrate that there is a reasonable possibility that

1

favorable results of the requested DNA testing would establish the appellant's actual innocence of the crime of conviction. ***Commonwealth v. Conway*, 14 A.3d 101 (Pa. Super. 2011)**.

9. In the instant case the testimony at trial included the testimony of three eye-witnesses who identified petitioner as a perpetrator of the kidnapping and one eye-witness who identified petition as the perpetrator of the killing, as well as testimony presented by an individual to whom petitioner had confessed to committing the offenses. In all, four of his co-conspirators testified against him at the trial in this matter. Although Petitioner has argued in his petition that there is an issue regarding the identity of the perpetrator this is not borne out by the evidence presented at trial.

10. Even if DNA testing of the evidence resulted in excluding petitioner as the person who left the DNA that would not establish petitioner's actual innocence of the offense as he was not the only perpetrator involved.

Wherefore, the Commonwealth respectfully requests that this Court deny petitioner's petition for post-conviction relief DNA testing pursuant to 42 Pa.C.S.A § 9543.1.

Respectfully submitted,

*/s/ Karen*

Karen E. Kuebler, Esq.
First Assistant District Attorney

IN THE COURT OF COMMON PLEAS OF CLINTON COUNTY, PENNSYLVANIA
Criminal Division

COMMONWEALTH OF PENNSYLVANIA : CP-18-CR-175-2002
:
VS. :
:
FABIAN SMART :

### CERTIFICATION OF SERVICE

This 21st day of May, 2012, I, Karen E. Kuebler, Esquire, Assistant District Attorney of Clinton County, hereby certify that a true and correct copy of the Commonwealth's Answer in Opposition to Defendant's Petition for Post-Conviction DNA Testing in the above matter was served upon the persons and in the manner indicated below, which service satisfies the requirements of Pa.R.Crim.P. 576.

**SERVICE BY U.S. MAIL, FIRST CLASS:**

Fabian Smart.
GC-2983
SCI Green
175 Progress Drive
Waynesburg, PA 15370-8082

**SERVICE BY PLACEMENT IN COURTHOUSE MAIL:**
Hon. J. Michael Williamson,
President Judge
Court of Common Pleas
Clinton County

Karen E. Kuebler, Esquire
Assistant District Attorney
Clinton County District Attorney's Office
322 East Water Street
Lock Haven, PA 17745
570-893-4141
ID # 67177

3