926.295.A6
327-2456

IN THE COURT OF COMMON PLEAS OF CLINTON COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA     )     No.: 175-2002
                                                  )
vs.                                               )
                                                  )     PCRA
FABIAN D. SMART                         )
                                                  )

## AMENDED PETITION FOR POST CONVICTION COLLATERAL RELIEF

Petitioner, Fabian D. Smart, by and through his attorney, David A. Strouse, Esquire, presents the following in support of his amended petition for post conviction collateral relief pursuant to the Post Conviction Relief Act, 42 Pa. C.S.A. §9541 et seq.

1.     Petitioner, Fabian D. Smart, is an inmate at the State Correctional Institute at Greene (Inmate No. GC-2983).

2.     In September and October of 2004, Petitioner was tried and convicted of murder of the first degree, conspiracy to commit murder of the first degree, kidnapping, and conspiracy to commit kidnapping, after a jury trial before the Honorable Richard N. Saxton.

3.     Following his conviction, Petitioner was sentenced to a total term of life imprisonment on October 21, 2004.

4.     Petitioner was represented at trial and appeal by Ronald C. Travis, Esquire, and Eric R. Lindhart, Esquire.  Ronald Pressley, Esquire did represent Petitioner during a portion of the pretrial procedures.

5.     A timely Notice of Appeal was filed in the Superior Court and docketed at 588 MDA 2005.

6.     On October 19, 2006, The judgment of the trial court was affirmed without published opinion at 913 A.2d 947.

7.     A timely Petition for Allowance of Appeal from the Order of the Superior Court was filed with the Supreme Court and docketed at 973 MAL 2006.

8.     On May 1, 2007, Petitioner's Petition for Allowance of Appeal was denied without a published opinion at 923 A.2d 410.

9. On October 1, 2007, Petitioner filed a pro se petition seeking relief under the Post Conviction Relief Act. The undersigned was appointed to represent him with respect to that Petition, and to file an amended Petition, if appropriate.

10. An evidentiary hearing has been scheduled by the Court in this matter to take place on February 26, 2008 at 1:30 p.m.

11. Petitioner's conviction and present imprisonment resulted from:

   a. A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

   b. Ineffective assistance of counsel at trial, post-trial, and appeal stages which, under the circumstances of this particular case, so undermined the truth-determining process that no reliable adjudication of the guilt or innocence could have taken place.

12. The allegations of error have not been previously litigated and one of the following applies:

   a. The allegation of error have not been waived.

   b. That the failure to litigate the issue prior to or during trial or direct appeal could not have been the result of any rational strategic or tactical decision by prior counsel.

13. There has not been undue delay in filing this Petition and, even if there has been delay, the Commonwealth has not been prejudiced either in its ability to respond or in its ability to re-try the Petitioner.

14. The issues presented herein have not been previously litigated, in that:

   a. They have not been raised in the trial court, the trial court has not ruled on their merits and Petitioner did not fail to appeal.

   b. The highest appellate court in which Petitioner could have had review as a matter of right has not ruled on the merits of the issues.

   c. The issues have not been raised and decided in a proceeding collaterally attacking the conclusion or sentence.

15.   The issues herein raised have not been waived for the reason that the Petitioner failed to assert them. The failure to raise them was caused solely by the ineffectiveness of prior counsel and resulted in his conviction.

16   Petitioner presents the following issues in support of his Petition for Post Conviction Relief.

a.   TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO FILE MOTION TO COMPEL DISCOVERY OF SPECIFIC, ITEMS OF PHYSICAL EVIDENCE FOR PURPOSES OF FORENSIC TESTING AND/OR TO HAVE SUCH EVIDENCE TESTED BY AN EXPERT.

b.   TRIAL AND APPELLATE COUNSEL WERE INEFFECTIVE FOR FAILING TO INTERVIEW JUROR WHO MADE STATEMENTS TO PETITIONER THAT JURY MEMBERS FALSELY ANSWERED QUESTIONS DURING VOIR DIRE RELATING TO RACIAL BIAS.

c.   TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO MOVE FOR A MISTRIAL, POST-VERDICT, BASED ON STATEMENTS MADE BY A JUROR THAT A MEMBER OF THE JURY HAD FALSELY ANSWERED QUESTIONS DURING VOIR DIRE RELATING TO RACIAL BIAS.

d.   PETITIONER'S FUNDAMENTAL RIGHT TO TRIAL BY AN IMPARTIAL JURY WAS VIOLATED BY JURORS FALSELY RESPONDING TO QUESTIONS DURING VOIR DIRE RELATING TO RACIAL BIAS.

e.   THE CUMULATIVE INEFFECTIVENESS OF TRIAL COUNSEL WAS SO SIGNIFICANT IN ITS ENTIRETY THAT IN THE INTEREST OF JUSTICE PETITIONER MUST RECEIVE A NEW TRIAL.

f.   ALL PRIOR COUNSEL WERE INEFFECTIVE FOR FAILING TO RAISE THE ISSUES PRESENTED IN PETITIONER'S AMENDED PETITION FOR POST-CONVICTION RELIEF AT ALL PRIOR STAGES OF THIS CASE.

17.   The undersigned files this Amended Petition setting forth the above claims and does not re-assert those claims raised in Petitioner's pro se petition which have been previously litigated and decided on appeal.

WHEREFORE, based on the foregoing, Petitioner respectfully requests that he be provided Discovery for purposes of testing material and potentially exculpatory evidence and given a new trial on account of the failure of trial counsel to provide effective assistance and the violation of Petitioner's constitutional right to trial before a fair and impartial jury of his peers.

Respectfully submitted,

THE STROUSE LAW FIRM

Date __1/25/08__

By_____

David A. Strouse, Esquire
Attorney for Petitioner
Attorney ID#204116
221 East Main Street, P.O. Box 495
Lock Haven, PA 17745
570-748-3060

4

# IN THE COURT OF COMMON PLEAS OF CLINTON COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | ) | No.: 175-2002 |
| | ) | |
| vs. | ) | PCRA |
| | ) | |
| FABIAN D. SMART | ) | |

## SUPPLEMENTAL AMENDED PCRA PETITION

Petitioner, Fabian D. Smart, by and through his attorney, David A. Strouse, Esquire, presents the following in support of his amended petition seeking relief pursuant to the Post Conviction Relief Act, 42 Pa. C.S.A. §9541 et seq.

I.   TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO FILE MOTION TO COMPEL DISCOVERY OF SPECIFIC ITEMS OF PHYSICAL EVIDENCE FOR PURPOSES OF FORENSIC TESTING AND/OR TO HAVE SUCH EVIDENCE TESTED BY AN EXPERT.

Petitioner submits that trial counsel was ineffective for failing to file a motion to compel discovery of physical evidence and/or to have such evidence tested by an expert for traces of organic material which could have produced exculpatory evidence. Petitioner also submits that appellate counsel was ineffective for failing to raise such a claim on appeal. Specifically, Petitioner submits that a towel recovered by police at the scene where the victim's body was found was never tested for blood, hair or fiber evidence. Petitioner also alleges that forensic reports indicated that the victim was found to have organic material beneath his fingernails, however no testing was ever conducted on said material to determine its origin or donor.

Should forensic testing reveal the presence of organic material on either the towel or the materials found beneath the victim's fingernails, Petitioner contends that he should be afforded the opportunity to have DNA testing conducted on said genetic material.

In support of his claim, Petitioner relies upon the Superior Court's opinion in Commonwelath v. Godschaulk, 679 A.2d 1295 (1996), in which the court opined that "where a conviction *rests largely* on identification evidence *and* where advanced technology could definitely establish the accused's innocence", such testing should be granted.  Id. at 1297 (emphasis in original).  DNA evidence has been held by the Superior Court to be a sufficient basis for the grant of a new trial.  Commonwealth v. Reese, 663 A.2d 206, 210 (1995).

Furthermore, because DNA testing of genetic material could provide material exculpatory evidence, Petitioner has a due process right of access to genetic material for purposes of DNA testing.  Godschaulk v. Montgomery County District Attorney's Office, 177 F.Supp. 366 (E.D. Pa. 2001).

Because trial counsel was ineffective for the reasons stated, it is clear appellate counsel was ineffective as well for failing to raise this issue.

WHEREFORE, Petitioner respectfully requests that the Court find that trial counsel was ineffective and grant Petitioner a new trial or, alternatively, Order the Commonwealth to produce the above evidence so that Petitioner may have it appropriately tested.  Should the above referenced evidence be unavailable or destroyed, and therefore unable to be tested, Petitioner respectfully requests that the Court find that Petitioner's Due Process rights have been violated, and vacate his conviction.

## II.   TRIAL AND APPELLATE COUNSEL WERE INEFFECTIVE FOR FAILING TO INTERVIEW JUROR WHO MADE STATEMENTS TO PETITIONER THAT JURY MEMBERS FALSELY ANSWERED QUESTIONS DURING VOIR DIRE RELATING TO RACIAL BIAS.

Petitioner submits that trial and appellate counsel were ineffective for failing to interview a juror who, subsequent to trial, made statements to Petitioner that other jury members had falsely answered questions posed to them during voir dire relating to racial bias.

It is well established in Pennsylvania that if a juror on his voir dire has misled the defendant and was in actuality prejudiced against the defendant, relief will be given by the granting of a new trial. Commonwealth v. Cornitcher, 291 A.2d 521, 527 at footnote 9 (Pa. 1972) citing Commonwealth v. McCloskey, 273 Pa. 456, 460-61, 117 Atl. 192, 193 (1922).

Petitioner acknowledges that the rule is well settled in Pennsylvania, that a verdict may not be impeached by evidence as to what was said during deliberations, or the effect of events or comments upon the emotions or mental processes of the jurors. Pa. R.E. 606(b). Petitioner does not intend to introduce testimony from jurors for the purpose of impeaching a verdict, but for the sole purpose of showing that jurors falsely answered important voir dire questions.

During jury selection, the Court and trial counsel posed questions to each prospective juror as to whether he or she held any racial bias and/or prejudice toward African Americans. Each juror empaneled answered those questions in the negative.

Petitioner submits that a member of the jury empaneled for Petitioner's trial contacted trial counsel following trial requesting contact information so that he or she may correspond with Petitioner.[1] The juror did correspond with Petitioner subsequent to trial and informed Petitioner that a member of the jury had exhibited racial bias toward Petitioner during trial.

---

[1] Due to the apparent apprehension of the juror in question to become involved in this proceeding, the undersigned has omitted his or her name. The undersigned would request the opportunity to disclose to the Court and the District Attorney the juror's identity in order to preserve confidentiality.

WHEREFORE, Petitioner respectfully requests that the Court find that trial counsel and appellate counsel were ineffective for the reasons above and grant Petitioner a new trial.

III.   TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO MOVE FOR A MISTRIAL, POST-VERDICT, BASED ON STATEMENTS MADE BY A JUROR THAT A MEMBER OF THE JURY HAD FALSELY ANSWERED QUESTIONS DURING VOIR DIRE RELATING TO RACIAL BIAS.

Petitioner hereby incorporates by reference the facts and arguments offered in Claim II above.

Additionally, Petitioner submits that if trial counsel did have knowledge of the content of the statements made the above-referenced juror within a reasonable time following the return of the verdict in this matter, trial counsel was ineffective for failing to move for a mistrial at that time, and, furthermore, failing to preserve the issue on appeal.

WHEREFORE, Petitioner respectfully requests that the Court find that trial counsel was ineffective for the reasons above, and grant Petitioner a new trial.

IV.   PETITIONER'S FUNDAMENTAL RIGHT TO TRIAL BY AN IMPARTIAL JURY WAS VIOLATED BY JURORS FALSELY RESPONDING TO QUESTIONS DURING VOIR DIRE RELATING TO RACIAL BIAS.

Petitioner hereby incorporates by reference the facts and arguments offered in Claim II above.

The right to an impartial jury is guaranteed by the Constitution of the Commonwealth of Pennsylvania and the Sixth Amendment's guarantee of an impartial jury is well established to be a fundamental right that applies to the states through the Due Process clause of the Fourteenth Amendment.  Article I, Section 9, of the Constitution of the Commonwealth of Pennsylvania; Sixth Amendment to the Constitiution of the United States.

4

WHEREFORE, Petitioner respectfully requests that the Court find all prior counsel were ineffective for the reasons above, and grant Petitioner a new trial.

Respectfully submitted,

THE STROUSE LAW FIRM

Date   1/25/08

By

David A. Strouse, Esquire
Attorney for Petitioner
Attorney ID#204116
221 East Main Street, P.O. Box 495
Lock Haven, PA 17745
570-748-3060

6

## IN THE COURT OF COMMON PLEAS OF CLINTON COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

| | | |
|---|---|---|
| **COMMONWEALTH OF PENNSYLVANIA** | ) | **No.: 175-2002** |
| | ) | |
| **vs.** | ) | **PCRA** |
| | ) | |
| **FABIAN D. SMART** | ) | |

### CERTIFICATE OF SERVICE

I, David A. Strouse, Esquire, do hereby certify that on this day, January 25, 2008, served a true and correct copy of Petitioner's AMENDED PETITION FOR POST CONVICTION COLLATERAL RELIEF and SUPPLEMENTAL AMENDED PCRA PETITION by way of placing a copy in District Attorney Michael F. Salisbury's box at the Clinton County Courthouse, Jay and Water Street, Lock Haven, Pennsylvania and upon Fabian D. Smart, GC-2983, SCI Greene, 175 Progress Drive, Waynesburg, PA 15370 by way of United States first class mail, postage prepaid.

Respectfully submitted,

THE STROUSE LAW FIRM

Date 1/25/08     By

David A. Strouse, Esquire
Attorney for Petitioner
Attorney ID#204116
221 East Main Street, P.O. Box 495
Lock Haven, PA 17745
570-748-3060