COMMONWEALTH OF PENNSYLVANIA, : Court of Common Pleas of
: Clinton County, Pennsylvania
:
        v. : No. 175-02-CR
:
FABIAN D. SMART, :
:
        Defendant :
: PETITION FOR POST-CONVICTION
: RELIEF WITH MEMORANDUM OF
: LAW INCORPORATED.
:
:
:
: Filed on behalf of:
:
: Fabian D. SMart, pro se
: DOC No. GC-2983
: SCI Greene
: 175 Progress Drive
: Waynesburg, PA 15370-8082

IN THE COURT OF COMMON PLEAS OF CLINTON COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA, :
:
:
v. : No. 175-02-CR
:
:
FABIAN D. SMART, :
:
Defendant. :
:
:

**RULE TO SHOW CAUSE**

AND NOW, to wit this _____ day of _____, 2012, upon application of petitioner, pro se, a Rule is hereby GRANTED upon the District Attorney of Clinton County to show cause why the relief prayed for should not be granted.

This Rule is made returnable on the _____ day of _____, 2012, in Courtroom _____, Clinton County Courthouse, Lock Haven, Pennsylvania, at \_\_\_\_\_.m..

BY THE COURT:

_____, J

IN THE COURT OF COMMON PLEAS OF CLINTON COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : |
| v. | : No. 175-02-CR |
| FABIAN D. SMART, | : |
| Defendant. | : |

ORDER

**AND NOW,** to wit this _____ day of _____, 2012, upon application of petitioner's Petition To Proceed In Forma Pauperis and Appointment of Counsel, it is hereby **ORDERED** and **DECREED**, that the petitions are **GRANTED**.

It is furthered **ORDERED**, that _____, Esquire, is appointed to represent the petitioner throughout the PCRA proceedings inclusive to direct appeal. Counsel will file an Amended PCRA Petition on or before _____, 2012.

BY THE COURT:

_____, J.

IN THE COURT OF COMMON PLEAS OF CLINTON COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA,   :
                                :
                                :
v.                              :       No. 175-02-CR
                                :
                                :
FABIAN D. SMART,                :
                                :
        Defendant.              :
                                :

### PETITION TO PROCEED IN FORMA PAUPERIS, PETITION FOR APPOINTMENT OF COUNSEL AND PETITION FOR POST-CONVICTION RELIEF

TO THE HONORABLE, THE JUDGES OF THE SAID COURT:

AND NOW, comes the petitioner Fabian D. Smart, pro se, and respectfully files this Petition To Proceed In Forma Pauperis, Petition For Appointment of Counsel and Petition For Post-Conviction Relief in conformance with 42 Pa.C.S.A. §9541 - §9546 et seq., and in support thereof set forth the following:

1. The petitioner is currently confined at SCI Greene, Waynesburg, Pennsylvania, under DOC Inmate No. GC-2983.

2. The petitioner has not received, within the past twelve months, any income from a business, profession or other form of self employment, or in the form of interest, rent payments, dividends, pensions, annuities, social security benefits, support payments or other income, other than $50.00 on average per month, from prison gratuity pay, or occasional monetary gifts from family members.

3. The petitioner does not own any cash, checking or savings account, real estate, stocks, bonds, notes or other valuable property, and does not have any persons dependent upon him for support due to his current state of incarceration.

4. There are no other contributions to the petitioner's support and he is unable to pay the filing fee and costs, or other advance costs of filing. Additionally, the petitioner requests that he be granted in form pauperis status throughout appeal if necessary.

5. The petitioner understands that he has a continuing obligation to inform the court of improvement in his financial circumstances which would permit him to pay the costs incurred herein.

6. The petitioner verifies that the foregoing statements are true and correct per §4904 of the Crimes Code [18 Pa.C.S.A. §4904], relating to unsworn falsification to authorities.

WHEREFORE, for the foregoing reasons, the petitioner prays that this Honorable Court grants the relief requested.

## PETITION FOR APPOINTMENT OF COUNSEL

7. The petitioner is unable to afford counsel and the issues involved in this case are complex, and legal training and knowledge beyond the petitioner's abilities is necessary to properly prepare and present his PCRA issues.

8. The petitioner is filing this PCRA petition pursuant to 42 Pa.C.S.A. §9545(b)(1)(ii), and because this petition invokes one of the exceptions, counsel must be appointed for, at minimum, a resolution of timeliness. Furthermore, in **Commonwealth v. Ferguson**, 722 A.2d 177

(Pa.Super. 1998), the court held that even where a PCRA petition appears untimely, an indigent petitioner is entitled to counsel in order that determination may be made as to whether any exceptions to the statutory time limitation applies to the circumstances surrounding his conviction.

**WHEREFORE**, for the foregoing reasons, the petitioner prays that this Honorable Court grants the relief requested.

Respectfully submitted,

_____
Fabian D. Smart, pro se

3

PENNSYLVANIA

IN THE COURT OF COMMON PLEAS OF CLINTON COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA, :
:
:
:
:
v. : No. 175-02-CR
:
:
:
FABIAN D. SMART, :
:
Defendant. :
:
:
:

### PETITION FOR POST-CONVICTION RELIEF
### WITH MEMORANDUM OF LAW INCORPORATED

TO THE HONORABLE, THE JUDGES OF THE SAID COURT:

AND NOW, comes the petitioner, Fabian D. Smart, pro se, and respectfully files this Petition For Post-Conviction Relief, and in support thereof sets forth the following:

1. The petitioner invokes this Honorable Court with jurisdiction pursuant to 42 Pa.C.S.A. §9541 et seq., §9543.1, and specifically, §9545(b)(1)(ii).

2. The petitioner, Fabian D. Smart, is an inmate at the state correctional Institution at Greene (SCI Greene).

3. In September and October of 2004, the petitioner was tried and convicted of murder of the first degree, conspiracy to commit murder of the first degree, kidnapping, and criminal conspiracy to commit kidnapping after a jury trial before the Honorable Judge Richard N. Saxton. Following his conviction, the petitioner was sentenced to a total term of life imprisonment on October 21, 2004.

4

4. The petitioner was represented for a portion of the pretrial proceeding by Ronald Pressley, Esquire. He was represented at trial and on direct appeal, by Ronald C. Travis, Esquire, and Eric R. Lindhart, Esquire.

5. A timely Notice Of Appeal was filed in the Superior Court and docketed at 588 MDA 2005. Subsequently, on October 19, 2006, the Judgment of the trial court was affirmed without a published opinion at 913 A.2d 947 (Pa.Super. 2006).

6. A timely Petition For Allowance of Appeal was filed in the Supreme Court of Pennsylvania, from the Order of the Superior Court. It was docketed at 973 MAL 2006, which was subsequently denied on May 1, 2007, without a published opinion at 923 A.2d 410 (Pa. 2007). The petitioner did not seek a writ of certiorari in the U.S. Supreme Court.

7. On October 1, 2007, the petitioner filed a pro se PCRA petition. David A. Strouse, Esquire, was appointed to represent the petitioner. On January 25, 2008, counsel filed an Amended PCRA petition. The PCRA court denied the petition by Order dated March 18, 2008.

8. The petitioner filed a Notice Of Appeal to the Superior Court of Pennsylvania. The Superior Court affirmed the denial of PCRA relief by memorandum opinion dated July 10, 2009.

9. The petitioner filed a Petition For Allowance of Appeal to the Supreme Court of Pennsylvania, which was subsequently denied on December 17, 2009. The petitioner did not seek a writ of certiorari in the U.S. Supreme Court.

10. On July 13, 2010, the petitioner filed a timely Petition For Writ of Habeas Corpus in the U.S. District Court for the Middle District of Pennsylvania. On October 12, 2010, the petitioner filed

an Amended Petition For Writ of Habeas Corpus, and the court ordered the respondent to file an Answer and Memorandum of Law. The respondent filed a Motion For Enlargement of Time on November 2, 2010, which was subsequently granted, and ordered the respondent to file their Answer and Memorandum of Law on or before February 3, 2011. The petition is still pending in the district court.

11. The petitioner's first PCRA filed on October 1, 2007, presented issues that were not previously litigated nor have they been waived for the reason that the petitioner failed to assert them. The petitioner raised the following issues in his first PCRA petition:

> a. TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO FILE MOTION TO COMPEL DISCOVERY OF SPECIFIC ITEMS OF PHYSICAL EVIDENCE FOR PURPOSES OF FORENSIC TESTING AND/OR TO HAVE SUCH EVIDENCE TESTED BY AN EXPERT.
>
> b. TRIAL AND APPELLATE COUNSEL WERE INEFFECTIVE FOR FAILING TO INTERVIEW JURORS WHO MADE STATEMENTS TO PETITIONER THAT JURY MEMBERS FALSELY ANSWERED QUESTIONS DURING VOIR DIRE RELATING TO RACIAL BIAS.
>
> c. TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO MOVE FOR A MISTRIAL, POST-VERDICT, BASED ON STATEMENTS MADE BY A JUROR THAT A MEMBER OF THE JURY HAD FALSELY ANSWERED QUESTIONS DURING VOIR DIRE RELATING TO RACIAL BIAS.
>
> d. PETITIONER'S FUNDAMENTAL RIGHT TO TRIAL BY AN IMPARTIAL JURY WAS VIOLATED BY JURORS FALSELY RESPONDING TO QUESTIONS DURING VOIR DIRE RELATING TO RACIAL BIAS.
>
> e. THE CUMULATIVE INEFFECTIVENESS OF TRIAL COUNSEL WAS SO SIGNIFICANT IN ITS ENTIRETY THAT IN THE INTEREST OF JUSTICE PETITIONER MUST RECEIVE A NEW TRIAL.
>
> f. ALL PRIOR COUNSEL WERE INEFFECTIVE FOR FAILING TO RAISE THE ISSUES PRESENTED IN PETITIONER'S AMENDED PETITION FOR POST-CONVICTION RELIEF AT ALL PRIOR STAGES OF THIS CASE.

The facts supporting the claims were:

The petitioner submitted that trial counsel was ineffective for

failing to file a motion to compel discovery of physical evidence and/or to have such evidence tested by an expert for traces of organic material which could have produced exculpatory evidence. The petitioner also submitted that appellate counsel was ineffective for failing to raise such a claim on appeal. Specifically, that a towel recovered by police at the scene where the victim's body was found was never tested for blood, hair or fiber evidence. The petitioner also alleged that forensic reports indicated that the victim was found to have organic material beneath his fingernails, however, no testing was ever conducted on said material to determine its origin or donor.

The petitioner submitted that trial and appellate counsel were ineffective for failing to interview a juror who, subsequent to trial, made statements to the petitioner that other jury members had falsely answered questions posed to them during voir dire relating to racial bias. The petitioner submitted that a member of the jury empaneled for his trial contacted trial counsel following trial requesting contact information so that he or she may correspond with the petitioner. The juror did correspond with the petitioner and informed petitioner that a member of the jury had exhibited racial bias toward the petitioner during trial.

The petitioner submitted that if trial counsel did have knowledge of the content of the statements made by the juror within a reasonable time following the return of the verdict, trial counsel was ineffective for failing to move for a mistrial at that time and for failing to preserve the issue on appeal.

The petitioner also submitted that the right to an impartial jury is guaranteed by Pennsylvania's Constitution and the Sixth

7

Amendment's guarantee under the U.S. Constitution, of an impartial jury. Also, where evidence suggested that a single juror who was shown to have concealed the fact that he was prejudiced against a defendant, due process requires the granting of a new trial. Finally, the last two issues incorporated by reference all of the facts and arguments asserted in claims "a" through "d".

The facts supporting the first three claims (a-c) appeared in the record via trial transcripts, hearing transcripts, exhibits and other records, including but not limited to, Post Sentence Motions, Questionnaires For Jury Service, and Jury Qualification Forms. The facts supporting the fourth through the sixth claim (d-F) do not appear in the record. The aforementioned claims were previously raised via direct appeal and in a PCRA petition.

12. The petitioner requests an evidentiary hearing and a signed Certification Of Witnesses is attached to this petition as required by rule and/or law.

13. The petitioner requests DNA Testing pursuant to 42 Pa.C.S.A. §9543.1. Specifically, DNA Testing on the organic material found on the fingernail listed as item 1.9.4 of the forensic report dated August 30, 1999, of Donald P. Bloser, Jr., which was raised in a Supplemental Amended PCRA Petition under trial counsel's ineffectiveness for failing to file a motion to compel discovery for purposes of forensic testing and/or to have this evidence tested by an expert. Petitioner avers that the item #6 of the forensic report is requested to be tested.

14. The petitioner requests a discovery order directed to the Commonwealth to provide the petitioner with the fingernail listed as item #6 of the aforesaid forensic report, because the petitioner believes

8

that exculpatory evidence exists, especially where the forensic scientist did no further testing on this item.

15. The petitioner requests the following relief:

a) That he be granted an arrest of judgment on the above-captioned information as an innocent person was convicted, in violation of 42 Pa.C.S.A. §9543(a)(2)(i) and (ii).

b) Vacate the above-captioned information and grant the petitioner a new trial where petitioner's judgment of conviction and sentence resulted from ineffective assistance of counsel, in violation of 42 Pa.C.S.A. §9543(a)(2)(i) and (ii).

c) Grant any and all other relief consistent with the relief requested by the petitioner.

16. The petitioner's judgment of conviction and sentence resulted from a violation of the Constitution of this Commonwealth and/or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

17. The allegation of error has not been previously litigated or waived.

18. The failure to litigate the issue prior to or during trial, or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel.

19. The petitioner avers that he will demonstrate that there is a strong prima facie showing that a miscarriage of justice may have occurred.

**WHEREFORE**, for the foregoing reasons, the petitioner prays that this Honorable Court grants him the relief requested.

9

## MEMORANDUM OF LAW IN SUPPORT OF

## PETITION FOR POST-CONVICTION RELIEF

Post conviction DNA testing falls under the aegis of the Pennsylvania Post Conviction Relief Act (PCRA). 42 Pa.C.S.A. §§9541-9546. Section 9543.1 of Title 42 is the specific section that governs post conviction DNA testing. It provides, in pertinent part:

> (2) An individual convicted of a criminal offense in a court of the Commonwealth and serving a term of imprisonment or awaiting execution because of a sentence of death may apply by making a written motion to the sentencing court for the performance of forensic DNA testing on specific evidence that is related to the investigation or prosecution that resulted in the judgment of conviction. (2) The evidence may have been discovered either prior to or after the applicant's conviction. The evidence The evidence shall be available for testing as of the date of the motion. If the evidence was discovered prior to the applicant's conviction, the evidence shall not have been subject to the DNA testing requested because technology for testing was not in existence at the time of the trial or the applicant's counsel did seek testing at the time of the trial in a case where a verdict was rendered on or before January 1, 1995, or the applicant's counsel sought funds from the court to pay for the testing because his client was indigent and the court refused the request despite the client's indigency.

42 Pa.C.S.A. §9543.1(a). An individual seeking relief under this statute must:

> Present a prima facie case demonstrating that the:
>
> (i) identity of or the participation in the crime by the perpetrator was at issue in the proceedings that resulted in the applicant's conviction and sentencing; and DNA of the specific evidence, assuming exculpatory results, would establish:
>
> (A) the applicant's actual innocence of the offense for which the applicant was convicted.

42 Pa.C.S.A. §9543.1(c)(3)(i), (ii)(A). The statute also provides that

10

a court shall not order DNA testing if, after review of the record of the applicant's trial, the court determines:

That there is no reasonable probability that the testing would produce exculpatory evidence that: (1) would establish the applicant's actual innocence of the offense for which the applicant was convicted. 42 Pa.C.S.A. §9543.1(d)(2)(i).

The petitioner avers that there is a reasonable possibility that favorable results of the requested DNA testing would establish the petitioner's actual innocence of the crime of conviction.

The definition of "actual innocence" that is to be applied in the evaluation of the effect of new evidence is that articulated by the U.S. Supreme Court in its Opinion in Schlup v. Delo, 513 U.S. 298, 327, 115 S.Ct. 851, 867, 130 L.Ed.2d 808, 836 (1995), namely, that the newly discovered evidence must make it "more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." Thus, this standard requires a reviewing court "to make a probabilistic determination ~~determination~~ about what reasonable, properly instructed jurors would do," if presented with the new evidence. Id., 513 U.S. at 329, 115 S.Ct. at 868, 130 L.Ed.2d at 837. See also Commonwealth v. Conway, 2011 Pa.Super. 7, 2011 Pa.LEXIS 7 (Pa.Super. 2011).

The petitioner's request relies on the fact that there is no evidence in the record; that the victim didn't scratch his assailant during the fight or afterwards, thereby acquiring fragments of skin or droplets of blood from the assailant on or under his fingernail. DNA testing on the organic material will identify the proper assailant. There is an evidentiary basis on which to infer that any DNA detected on the victim's fingernail was deposited there by the real assailant

11

during the fatal attack.

There was no overwhelming evidence that the Commonwealth had produced at trial. There is no question that the development of additional evidence, evidence that can be easily obtained by DNA testing, will add to the reliability of the reconstruction of the events of the crime. The petitioner seeks to compare the DNA profile that may be detected on the victim's fingernail with state and federal databases to identify the victim's killer.

This case is distinguishable from **Commonwealth v. Heilman**, 2005 Pa.Super 19, 867 A.2d 542 (Pa.Super. 2005), **appeal denied**, 583 Pa. 669, 876 A.2d 393 (Pa.2005) and **Commonwealth v. Smith**, 2005 Pa.Super 405, 889 A.2d 582 (Pa.Super. 2005), **appeal denied**, 588 Pa. 769, 905 A.2d 500 (Pa. 2006). The **Smith** panel held that the defendant could not satisfy his burden to demonstrate a prima facie case of actual innocence as described in **Heilman, supra**. Here by contrast, the evidence produced at trial was wholly circumstantial and there was no prior history between the parties that would have suggested the fight earlier in the evening between the petitioner and the victim, resulted in the victim's death.

In **Commonwealth v. Conway**, supra, the court stated that the question they must confront there was whether, "in this situation, the Pennsylvania DNA testing statute should be interpreted in such a way as to prevent the comparison of easily obtainable test results with known data banks for the purposes of determining the person responsible for the crime in question. To pose the question is to provide the answer, for in this evolving world of increased DNA data collections, and the increased reliance thereon by law enforcement agencies, we should not summarily preclude defense counsel from using the data compiled in those

'banks' to argue, in the appropriate cases, that such evidence establishes the innocence of a person who has been charged or convicted of a crime. This is especially so since the Act specifically provides for the proactive use of this information by the Commonwealth in an effort to find and prosecute persons whose identities are revealed by this information. Moreover, the stated policy of the General Assembly, as provided in the statute that created the Pennsylvania DNA data bank, and authorized its cooperative use with other law enforcement data banks, compels such a result. It provides, inter alia: DNA banks are an important tool in criminal investigations, **in the exclusion of individuals who are the subject of criminal investigations or prosecutions**. 44 Pa.C.S.A. §2302(1)(emphasis supplied). Thus, this proactive use of available information that is already within the control of the Commonwealth is encouraged and even mandated by the General Assembly." See Commonwealth of Pennsylvania Legislative Journal, June 19, 2001, Pgs. 745-746 (emphasis supplied); <u>Commonwealth v. Conway</u>, supra.

Finally, timeliness is not an issue here. The one year jurisdictional time bar that exists under the Pennsylvania Post Conviction Act (PCRA), 42 Pa.C.S.A. §§9541-9546, does not apply to motions for the performance of forensic DNA testing under §9543.1. <u>Commonwealth v. Brooks</u>, 2005 Pa.Super. 185, 875 A.2d 1141, 1146 (Pa.Super. 2005)(emphasis deleted)(footnote omitted)(citations omitted). Rather, after DNA testing has been completed, the applicant may, within sixty (60) days of receiving the test results, petition to the court for post-conviction relief on the basis of after-discovered evidence, an exception to the one-year statute of limitations.

13

## CERTIFICATION OF WITNESSES

The petitioner submits the following witnesses to be called if an evidentiary hearing is held:

1. Fabian D. Smart, petitioner.
   175 Progress Drive
   Waynesburg, PA 15370-8082

He will testify to facts surrounding the request for DNA testing.

2. David A. Strouse, Esquire
   221 East Main Street
   P.O. Box 495
   Lock Haven, PA 17745
   (570)748-3060

He will testify to facts surrounding the request for DNA testing.

3. Ronald C. Travis, Esquire.
   161 West Third Street
   Williamsport, PA 17701

He will testify to facts surrounding the request for DNA testing.

4. Eric R. Lindhart, Esquire.
   25 West Third Street
   Williamsport, PA 17701

He will testify to facts surrounding the request for DNA testing.

Respectfully submitted,

Date: April 20, 2012.

Fabian D. Smart, pro se

CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing Petition For Post-Conviction Relief With Memorandum Of Law Incorporated, has been served via first class prepaid U.S. mail, by depositing the same into the institutional mail system at SCI Greene, Waynesburg, PA 15370, upon the Clerk of Courts Office of Clinton County, Pennsylvania, at the Clinton County Courthouse, Jay and Water Street, Lock Haven, PA, 17745, on this the 20th day of April, 2012.

Respectfully submitted,

Fabian D. Smart, pro se

DOC Number GC-2983
SCI Greene
175 Progress Drive
Waynesburg, PA 15370-8082



VERIFICATION

I hereby certify or verify that the facts set forth in the foregoing Petition For Post-Conviction Relief with Memorandum of Law Incorporated and Certificate of Service are true and correct to the best of my personal knowledge and information and belief and that any false statements contained therein are made subject to the penalty of §4904 of the Crimes Codes, relating to unsworn falsification to authorities.

Date: April 20, 2012.

Fabian D. Smart, pro se

15